FILED
MAR - 7 2019
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 19 CR 220 |
| v. | ) | |
| | ) | Violations: Title 18, United States |
| HAIPING PAN, aka "Francisco," aka | ) | Code, Sections 1956(a), 1956(h), |
| "MYONLYSTAR," and | ) | and 1960 |
| HUANXIN LONG, aka "Little Long," | ) | |
| aka "MATEO K" | ) | |

**UNDER SEAL**
JUDGE FEINERMAN
MAGISTRATE JUDGE ROWLAND

**COUNT ONE**

The SPECIAL DECEMBER 2017 GRAND JURY charges:

1. At times material to this indictment:

    a. HAIPING PAN and HUANXIN LONG were Chinese nationals residing in Mexico.

    b. Antonio Cuellar Esparza was a Mexican national residing in Mexico.

2. Beginning no later than in or about May 2017, and continuing until at least in or about July 2018, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

    HAIPING PAN, aka "Francisco," aka "MYONLYSTAR," and
    HUANXIN LONG, aka "Little Long," and "MATEO K,"

defendants herein, did knowingly conspire with each other, with Antonio Cuellar Esparza, and with other persons known and unknown to the Grand Jury, to commit offenses in violation of Title 18, United States Code, Section 1956, namely:

1

a. to knowingly conduct a financial transaction affecting interstate and foreign commerce, which transaction involved the proceeds of specified unlawful activity, namely, felony violations of Title 21, United States Code, Sections 841, 846, 952, 959, 960, and 963 involving buying, selling, importing, and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

b. to transport, transmit, and transfer a monetary instrument and funds involving the proceeds of specified unlawful activity, namely, felony violations of Title 21, United States Code, Sections 841, 846, 952, 959, 960, and 963 involving buying, selling, importing, and otherwise dealing in a controlled substance, from a place in the United States to or through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

3. It was part of the conspiracy that PAN contracted with Mexico-based drug trafficking organizations (DTOs) and their associates, including Antonio Cuellar Esparza, to receive bulk quantities of cash narcotics proceeds in the United States and elsewhere, launder the funds, and deliver the laundered funds to his DTO clients in Mexico.

4. It was further part of the conspiracy that PAN, LONG, and others, including Cuellar Esparza, coordinated money "pickups" in Chicago, New York, and elsewhere, at which bulk quantities of cash narcotics proceeds were delivered by U.S.-based drug traffickers to operatives who worked for PAN and LONG.

5. It was further part of the conspiracy that LONG and others delivered, and caused to be delivered, the cash narcotics proceeds to individuals and businesses in the United States that assisted in laundering the funds, including by receiving the cash narcotics proceeds, which were in U.S. dollars, and identifying the monetary equivalent of the cash narcotics proceeds in Chinese Yuan located in commercial bank accounts in China (the "Initial Chinese Accounts").

6. It was further part of the conspiracy that LONG, and others wired and facilitated the wiring of Yuan from the Initial Chinese Accounts to a second set of Chinese bank accounts controlled by PAN, Gan, LONG and others (the "Secondary Chinese Accounts").

7. It was further part of the conspiracy that PAN, LONG, and others engaged in and facilitated additional transactions to convert the Yuan in the

Secondary Chinese Accounts back to U.S. dollars or Mexican Pesos, and transmitted, and caused to be transmitted, the funds to Mexico.

8. It was further part of the conspiracy that PAN, LONG, and others received the laundered proceeds, and caused the laundered proceeds to be received, in Mexico and delivered, and caused to be delivered, the laundered proceeds to PAN's DTO clients, including Cuellar Esparza;

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT TWO

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

Beginning no later than in or about May 2017, and continuing until at least in or about July 2018, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

> HAIPING PAN, aka "Francisco," aka "MYONLYSTAR," and
> HUANXIN LONG, aka "Little Long," and "MATEO K,"

defendants herein, did knowingly conduct, control, manage, supervise, direct, and own all or part of an unlicensed money transmitting business affecting interstate and foreign commerce, which was operated without a license from the State of Illinois, such operation constituting a felony under Illinois State law, 205 Ill. Comp. Stat. 657/90(h);

In violation of Title 18, United States Code, Sections 1960 and 2.

## COUNT THREE

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

On or about July 2, 2018, at Chicago, in the Northern District of Illinois, and elsewhere,

> HAIPING PAN, aka "Francisco," aka "MYONLYSTAR," and
> HUANXIN LONG, aka "Little Long," and "MATEO K,"

defendants herein, did knowingly conduct a financial transaction affecting interstate and foreign commerce, namely, the receipt of approximately $253,790 in United States currency, which involved the proceeds of a specified unlawful activity, namely, the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT FOUR

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

On or about July 5, 2018, at Chicago, in the Northern District of Illinois, and elsewhere,

> HAIPING PAN, aka "Francisco," aka "MYONLYSTAR," and
> HUANXIN LONG, aka "Little Long," and "MATEO K,"

defendants herein, did knowingly conduct a financial transaction affecting interstate and foreign commerce, namely, the receipt of approximately $254,980 in United States currency, which involved the proceeds of a specified unlawful activity, namely, the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## FORFEITURE ALLEGATION

The SPECIAL DECEMBER 2017 GRAND JURY further alleges:

1. Upon conviction of an offense in violation of Title 18 United States Code, Sections 1956 and 1960, as set forth in this Indictment, defendants shall forfeit to the United States of America any property involved in such offense, and any property traceable to such property, as provided in Title 18, United States Code, Section 982(a)(1).

2. The property to be forfeited includes, but is not limited to:

    a. a personal money judgment in the amount of approximately $2,000,000 as to HAIPING PAN.

    a. A personal money judgment in the amount of approximately $2,000,000 as to HUANXIN LONG.

3. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided by Title 21, United States Code Section 853(p) and Title 18, United States Code, Section 982(b)(2).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY